# United States District Court

## Southern District of Florida

**MIAMI DIVISION**

**UNITED STATES OF AMERICA**

**v.**

**ALEXANDER LOPEZ HUERGO**

**JUDGMENT IN A CRIMINAL CASE**

**Case Number - 1:16-20476-CR-ZLOCH-3**

USM Number: 13600-104

Counsel For Defendant: Robert Perez, Esq.
Counsel For The United States: Angela Adams, Esq., AUSA
Court Reporter: Tammy Nestor

The defendant pleaded guilty to Count One of the Indictment.
The defendant is adjudicated guilty of the following offense:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to commit health care fraud and wire fraud | May, 2016 | One |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

All remaining Counts are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

Date of Imposition of Sentence:
March 3, 2017

WILLIAM J. ZLOCH
Sr. United States District Judge

March 6, 2017

ALL PENDING MOTIONS ARE HEREBY DENIED AS MOOT.

DEFENDANT: ALEXANDER LOPEZ HUERGO
CASE NUMBER: 1:16-20476-CR-ZLOCH-3

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **1 Year and 1 Day** as to Count One of the Indictment.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons **before Noon on May 5, 2017.**

The Court recommends a Federal facility in Miami, FL.

## RETURN

I have executed this judgment as follows:

________________________________________

________________________________________

________________________________________

________________________________________

Defendant delivered on ____________________ to ______________________________

at ____________________________________, with a certified copy of this judgment.

______________________________
UNITED STATES MARSHAL

By:______________________________
Deputy U.S. Marshal

DEFENDANT: ALEXANDER LOPEZ HUERGO
CASE NUMBER: 1:16-20476-CR-ZLOCH-3

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years**. Within 72 hours of release, the defendant shall report in person to the probation office in the district where released.

While on supervised release, the defendant shall not commit any crimes, shall be prohibited from possessing a firearm or other dangerous devices, shall not possess a controlled substance, shall cooperate in the collection of DNA, and shall comply with the standard conditions of supervised release and with the special conditions listed on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first fifteen days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: ALEXANDER LOPEZ HUERGO
CASE NUMBER: 1:16-20476-CR-ZLOCH-3

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

**Financial Disclosure Requirement -** The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

**Health Care Business Restriction -** The defendant shall not own, directly or indirectly, or be employed, directly or indirectly, in any health care business or service, which submits claims to any private or government insurance company, without the Court's approval.

**No New Debt Restriction -** The defendant shall not apply for, solicit or incur any further debt, included but not limited to loans, lines of credit or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining written permission from the United States Probation Officer.

**Permissible Search -** The defendant shall submit to a search of his person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

**Self-Employment Restriction -** The defendant shall obtain prior written approval from the Court before entering into any self-employment.

DEFENDANT: ALEXANDER LOPEZ HUERGO
CASE NUMBER: 1:16-20476-CR-ZLOCH-3

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on the Schedule of Payments sheet.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| **$100.00** | **$** | **$1,161,422.00** |

It is further ordered that the defendant shall pay joint and several restitution with co-defendants Daylin Cabrera, Raciel Leon and with the defendants in Docket No. 15-20436-CR-Gayles in the amount of **$1,161,422.00**. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay a minimum of $25.00 per quarter toward the financial obligations imposed in this order.

Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. These payments do not preclude the government from using other anticipated or unexpected financial gains, assets or income of the defendant to satisfy the restitution obligations. The restitution shall be made payable to Clerk, United States Courts, and forwarded to:

**U.S. CLERK'S OFFICE**
**ATTN: FINANCIAL SECTION**
**400 N. MIAMI AVENUE, ROOM 8N09**
**MIAMI, FLORIDA 33128**

The restitution will be forwarded by the Clerk of the Court to the victim in this case.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: ALEXANDER LOPEZ HUERGO
CASE NUMBER: 1:16-20476-CR-ZLOCH-3

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. Lump sum payment of **$100.00** due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment/fine/restitution is payable to the CLERK, UNITED STATES COURTS and is to be addressed to:**

**U.S. CLERK'S OFFICE**
**ATTN: FINANCIAL SECTION**
**400 NORTH MIAMI AVENUE, ROOM 8N09**
**MIAMI, FLORIDA 33128-7716**

**The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

Forfeiture of the defendant's right, title and interest in certain property is hereby ordered consistent with the plea agreement of forfeiture. The United States shall submit a proposed order of forfeiture within three days of this proceeding.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution,(7) penalties, and (8) costs, including cost of prosecution and court costs.